**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARY RICHARDS,                              *
                                           *
                Plaintiff,                  *
                                           *
        v.                                  *
                                           *    Civil Action No.: 08-CV-0007 (PLF)
OPTION ONE MORTGAGE CORP.;                  *
ALVIN E.GROSS, JR.,                        *
                                           *
                Defendants.                 *
                                           *
********************************* *

**JOINT RULE 26(f) CONFERENCE REPORT**

Pursuant to Rules 16 and 26 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."),
counsel for the parties Rawle Andrews Jr., Esq. (counsel for Plaintiff Mary Richards), Patrick
Buckler, Esq., (counsel for defendant Option One Mortgage Corp.), and G. Vann Canada, Esq.
(counsel for defendant Alvin Gross, Jr.) respectfully submit this Joint Rule 26(f) Conference
Report and Proposed case scheduling order in the above-captioned matter.  The report from the
January 31st conference is set forth below:

On January 31, 2008, counsel for the parties who are identified above participated in a
conference as required under Fed. R. Civ. P. 16 and 26.  Following a review of the matter,
counsel for the parties discussed scheduling and logistics, and reached the following agreements
or stipulations:

1.      Initial Disclosures.  Unless otherwise agreed to by the parties, the parties shall
make their disclosures under Fed. R. Civ. P. 26(a)(1) within fourteen (14) days of this Court's
Scheduling Order.

2.    Amended Pleadings.    The amendment of pleadings to assert new allegations, claims, defenses or parties shall be filed and served on or before April 30, 2008.    No separate motion shall be required if pleadings are amended by this date; otherwise, leave of court is required.

3.    Disclosure of Expert Testimony. This is a fact-intensive matter.    As such, none of the parties have identified or retained an expert.    Pursuant to Rule 26(a)(2), initial expert disclosures shall be made by plaintiff on or before March 11, 2008; and disclosures in response, if any, shall be made by defendants on or before April 11, 2008.    Thereafter, each party shall have until the deadline for filing dispositive motions (i.e., July 31, 2008) to object to any other party's expert witness(es).    Such objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report.

4.    Pretrial Disclosure.    Pursuant to Rule 26(a)(3), all parties shall submit any supplemental disclosures not made or contemplated by the final pretrial order at least 30 days before the scheduled trial date in this action.

5.    Discovery.    All fact discovery shall be initiated by each party in time to be completed by June 30, 2008; *provided however*, that the parties have agreed to the following modifications for pretrial planning purposes: (a) Plaintiff shall be limited to eight (8) depositions; (b) defendants shall be limited to six (6) depositions per party; and (c) the total length of time for any fact deposition shall be limited to eight (8) hours of actual examination time exclusive of breaks.    Each party shall be permitted to propound thirty (30) interrogatories directed to any other party.    Any deviation from this requirement that cannot be resolved by the parties shall be submitted to the Court for review.

6.     <u>Non-Dispositive Motions</u>.  To reduce the number of filings on the Court's docket, counsel for the parties have agreed on a meet and confer/Chamber telephone conference protocol that is set forth in Paragraph 3(f) of the proposed scheduling order.   All counsel respectfully request that this Court consider and approve this arrangement.

7.     <u>Dispositive Motions</u>.   Any dispositive motion, including motions to strike or limit the testimony of experts, shall be filed and served by July 31, 2008.

8.     <u>ADR</u>.   The parties do not believe that early dispute resolution would be fruitful in resolving this matter before some discovery is taken; and the parties will not stipulate to binding arbitration.   Counsel for the parties will immediately alert the Court if circumstances change substantially before the close of discovery.

9.     <u>Trial Proceedings</u>.   A jury trial has been demanded by Plaintiff.   All counsel are informed and believe that the protocols, mechanics and logistics for the final pretrial conference and the trial should be discussed with the Court during the Rule 16 Scheduling Conference, or any status conference(s) thereunder.

Respectfully submitted,

By: _____
Rawle Andrews Jr. (DC 436283)
AARP Legal Counsel for the Elderly
601 E. Street, NW, A4-410
Washington, DC 20049
Office: (202) 434-2158
Fax: (202) 434-6464
Email:  Randrews@aarp.org
Attorneys for Plaintiff Mary Richards

By:_____
Patrick R. Buckler (MD 25943)
*Admitted Pro Hac Vice*
Spence & Buckler, PC
100 West Pennsylvania, Suite 301
Towson, Maryland 21202
Office:  410-823-5003
Fax:  443-927-8905
Email:  pat@spencebucklerlaw.com
Attorneys  for  Defendant  Option  One
Mortgage Corp.

By:_____

G. Vann Canada, Jr. (DC 366414)
Miles & Stockbridge, PC
11 North Washington Street, Suite 700
Rockville, Maryland 20850
Office:  301-762-1600
Fax:  301-762-0363
Email:  vcanada@milestockbridge.com
Attorneys for Defendant Alvin E. Gross, Jr.


Dated:  February 7, 2008

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MARY RICHARDS,                                    *
                                                  *
        Plaintiff,                           *
                                                  *
    v.                                           *
                                                  *    Civil Action No.: 08-CV-0007 (PLF)
OPTION ONE MORTGAGE CORP.;                        *
ALVIN E.GROSS, JR.,                               *
                                                  *
        Defendants.                          *
                                                  *
************************************ *

**[PROPOSED] SCHEDULING ORDER**

This _____ day of _____, 2008, the Court having conducted an initial Rule 16 scheduling and planning conference, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.    <u>Rule 26(a)(1) Initial Disclosures and Mandatory ECF Compliance</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of this Order.  If they have not already done so, the parties are to review the Court's Initial Electronic Case Filing Order, which is incorporated herein by reference.

2.    <u>Joinder of other Parties and Amendments of Pleadings</u>.  All motions to join other parties and to amend or supplement the pleadings shall be filed on or before April 30, 2008.

3.    <u>Discovery</u>

a.    <u>Limitation on Number and Hours for Deposition Discovery</u>.    Unless otherwise ordered by the Court or stipulated by the parties, Plaintiff is limited to eight (8) depositions, and defendants are limited to six (6) depositions per party. The length of each such deposition shall not exceed eight (8) hours of actual examination time exclusive of breaks and court conferences, if any.

b.    <u>Interrogatories</u>.  Each party shall be permitted to propound and serve (30) interrogatories directed toward any other party.

c.    <u>Location of Depositions</u>.    Any party or party representative (officer, director or managing agent) of a party filing a civil action in this District must ordinarily be required, upon reasonable request, to submit to a deposition at a place designated within this District.  Exceptions to this general rule may be made only by order of the Court.  Any defendant that becomes a counterclaimant, cross-claimant, or third party plaintiff shall be considered as having filed an action in this Court for purposes of this provision.

d.    <u>Discovery cut off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before June 30, 2008.  Unless otherwise ordered by this Court, the limitations on discovery provided in the Federal Rules of Civil Procedure and applicable Local Rules shall be strictly observed.

e.    <u>Disclosure of Expert Testimony</u>.  The Court is advised by counsel for the parties that this is largely a fact driven inquiry, and thus, expert testimony may not be necessary to resolve this dispute.  Accordingly, for the party who has the initial burden of proof on the subject matter, the initial Rule 26(a)(2) disclosure of expert testimony is due on or before March 11, 2008.  Any Rule 26(a)(2) disclosures in

response shall be made by defendants on or before April 11, 2008.  Along with the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

To the extent any objection to expert testimony is made under the principles articulated in *Daubert v. Merrill Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated within Federal Rule of Evidence 702, the objection shall be made by motion no later than the deadline for filing dispositive motions set forth herein, unless otherwise ordered by the Court.

f.        <u>Discovery Matters</u>.    Should counsel find they are unable to resolve a discovery matter, the parties involved in the discovery matter(s) shall contact Chambers at 202-_____ to schedule a telephone conference in advance of filing any discovery motions.  Not less than forty-eight (48) hours before the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and his/her/its position on those issues.  Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining the reason for his/her/its opposition.  In all such matter, the Court merely seeks a straightforward statement of the issue(s) to be addressed and a summary of the party(ies)' respective position on this issue(s).  Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it.  Any disputes over protective motions or enlargements of time for briefing case dispositive motions, which are related to discovery matters, are to be addressed in the first instance according to this provision.

4.    <u>Applications for Protective Orders</u>.  Should any party find it will be necessary to apply to the Court for a protective order specifying the terms and conditions for the disclosure of confidential information, the parties should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this Order.  If the parties are unable to reach an agreement on a proposed form of order, a party must first follow the provisions of Paragraph 3(e) above.

Any proposed order shall include the following paragraph:

<u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's confidential information designated "confidential" under this order shall promptly notify that disclosing party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.    <u>Papers Filed Under Seal</u>.  When filing papers under seal, a party should deliver to the Clerk of Court an original and one copy of the entire submission.

6.    <u>ADR Process</u>.  To be discussed during the Rule 16 scheduling conference.

7.    <u>Status Conference</u>.  On _____, 2008, the Court will convene a Rule 16(a), (b) and (c) telephone conference with counsel beginning at _____ a.m./p.m.  Plaintiff's counsel shall initiate the telephone call.  At the time of this conference, counsel shall be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel and their clients.  If all parties agree that there is nothing to report regarding the case or the scope of this Order, they shall notify the Court, in writing, before the telephone conference is scheduled to occur, and the status conference will be taken off the Court's calendar.

8.    <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be filed and served by July 31, 2008.  Any other required briefing, including any opposition thereto, shall be filed and served pursuant to the Court's Local Rules.

9.    <u>Pretrial Conference</u>.  On _____, 200__, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at _____ a.m./p.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of the Final Pretrial Order on or before _____, 200__.

10.    <u>Motions *in Limine*</u>.  Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall set forth in the proposed pretrial order.  Each party shall be limited to five *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be contained in a single, five (5) page submission, unless otherwise ordered by the Court.  No separate briefing on any *in limine* request shall be permitted by any party, unless otherwise ordered by the Court.

11.    <u>Jury Instructions and Special Verdict Forms</u>.  The Court is advised that Plaintiff has made a jury trial demand in this matter.  Where a case is to be tried by a jury, the parties should file their proposed instructions to the jury, special verdict forms, and jury interrogatories ____ days before the final pretrial conference.  That submission shall be accompanied by a

computer diskette or CD-Rom (in Word format), which contains the proposed jury instructions,

special verdict forms, and jury interrogatories.

      12.    <u>Trial</u>.  To be discussed during the Rule 16 scheduling conference.


                                        _____

                                        Honorable Paul L. Friedman
                                        United States District Judge

Copies to:

Rawle Andrews Jr., Esq.
Patrick R. Buckler, Esq.
G. Vann Canada, Esq.