UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
MARY RICHARDS,                           )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )          Civil Action No. 08-0007 (PLF)
                                         )
OPTION ONE MORTGAGE CORP., *et al.*,     )
                                         )
          Defendants.                    )
_____)


MEMORANDUM OPINION AND ORDER

Currently pending before the Court are defendant Option One Mortgage

Corporation's ("Option One") motion for summary judgment and defendant Alvin E. Gross Jr.'s

motion for summary judgment as to Count One.[1]  After careful consideration of the parties'

papers, the relevant statutes and case law, and the oral arguments presented to the Court on

August 24, 2009, the Court states the following:

          "Rule 56 contains 'no express or implied requirement' that the movant 'support

its motion with affidavits or other similar materials negating the opponent's claim.'"  Moncada v.

Peters, 579 F. Supp. 2d 46, 50 (D.D.C. 2008) (quoting Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986)); see also FED. R. CIV. P. 56(a), (b).  As a result, when the nonmoving party (here,

Ms. Richards) bears the ultimate burden of proof at trial on a dispositive issue or issues, the

_____

[1]       The Court previously granted defendant Gross's motion for summary judgment as
to all other counts against him and requested additional briefing on "the issues relating to
available remedies for wrongful foreclosure and on when one becomes a bona fide purchaser for
value" to assist in resolution of his motion as to Count One.  See Order at 1, Dkt. No. 37 (July
23, 2009).

moving parties (here, Option One and Mr. Gross) may carry their initial burden on summary

judgment by doing no more than "pointing out to the district court . . . that there is an absence of

evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. at 325; see

10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D, § 2727 at 474

(1998); 11 MOORE'S FEDERAL PRACTICE § 56.13[1] at 56-138 (3d ed. 2002).  In this case, Option

One and Mr. Gross attempted to do so in part by pointing out the absence of evidence in support

of plaintiff's assertions (1) that she was prepared to tender the amount of the mortgage loan to

Option One prior to foreclosure but that Option One refused to accept the tender, and (2) that Mr.

Gross was on notice of the alleged wrongfulness of the foreclosure.

Once the moving parties make out a case that would entitle them "to judgment as

a matter of law if uncontroverted at trial," the Court will grant summary judgment unless the

opposing party offers some competent evidence showing that there is a genuine issue as to a

material fact.  WRIGHT, MILLER & KANE, § 2727 at 486.  "In this way the burden of producing

evidence is shifted to the party opposing the motion." Id. at 486-88.  To meet this burden,

plaintiff produced evidence in the form of an affidavit from Kenya Raymond, plaintiff's care-

giver and "attorney in fact," which suggests that on the day of the foreclosure sale Ms. Raymond

and a representative from Countrywide Bank ("Countrywide"), Francisco Enriques, attempted to

pay the full amount of the mortgage loan owed by plaintiff to Option One in order to stop the

foreclosure sale. See Plaintiff's Memorandum in Opposition to Defendant Option One's Motion

for Summary Judgment ("Opp."), Ex. M, Affidavit of Kenya D. Raymond ¶¶ 11-16.  While this

evidence is, at best, thin, and is contradicted by other record evidence, and while Ms. Raymond

has serious credibility problems,[2] on a motion for summary judgment, the Court may not make

credibility determinations and must not resolve disputes between conflicting evidence.  See

Czekalski v. Peters, 475 F.3d 360, 363 (D.C. Cir. 2007).[3]  Taken in a light most favorable to the

nonmoving party, Ms. Raymond's affidavit suggests that she was ready, willing, and able to

tender the full amount of the mortgage loan balance and that Option One refused to accept this

tender prior to foreclosure.

In addition, Ms. Raymond testified at her deposition that she spoke on the phone

with both Mr. Enriques *and Mr. Gross* immediately after the foreclosure sale.  See Opp., Ex. D,

Deposition of Kenya D. Raymond at 139-41.  In conjunction with Mr. Gross's admission that

plaintiff told him that she had secured a commitment for a reverse mortgage from Countrywide

and that she believed that the foreclosure was wrongful, see Plaintiff Richards' Supplemental

Memorandum re: BFP and Wrongful Foreclosure, Ex. A, Deposition of Alvin E. Gross, Jr. at 51,

56, the deposition testimony from Ms. Raymond suggests that Mr. Gross may have been on

notice — sufficient to meet the standards of inquiry notice, see Clay Properties, Inc. v.

---

[2]      She has been found to have committed a fraud on the court by making affirmative misrepresentations to the court in a related proceeding before Judge Judith Retchin of the Superior Court of the District of Columbia.  See Defendant, Alvin E. Gross, Jr.'s Reply to Plaintiff's Opposition to Motion to Dismiss or, in the Alternative Motion for Summary Judgment, Ex. J ("Superior Court Decision") at 4.

[3]      Even though the statements from Ms. Raymond rely on hearsay statements made by Mr. Enriques — the alleged representative from Countrywide who participated in the phone call — at summary judgment, "a nonmovant is not required . . . to produce evidence in a *form* that would be admissible at trial, [but] the evidence still must be capable of being converted into admissible evidence."  Wilburn v. Robinson, 480 F.3d 1140, 1143 n.2 (D.C. Cir. 2007) (quoting Gleklen v. Democratic Cong. Campaign Comm., Inc., 199 F.3d 1365, 1369 (D.C. Cir. 2000)) (emphasis in original).  The hearsay statements of Mr. Enriques may be converted into admissible evidence if he is called to testify at trial, therefore the Court may consider them at this point.

<u>Washington Post</u>, 604 A.2d 890, 895 (D.C. 1992) — that plaintiff's attempt to tender full payment was refused by Option One prior to foreclosure, that the foreclosure was wrongful, and therefore that he might not be able to acquire legal title upon settlement.

In light of the foregoing, the Court is hesitant at this point to grant summary judgment for either Option One or Mr. Gross.  As represented by counsel, neither party has deposed Mr. Enriques, although plaintiff's counsel represented that Mr. Enriques may be called to testify at trial.  An explanation from Mr. Enriques about the nature of the alleged phone calls on September 6, 2007, as well as the status of plaintiff's alleged reverse mortgage loan from Countrywide would assist the Court greatly in resolving the pending motions.  In light of the foregoing, it is hereby

ORDERED that on or before September 14, 2009, the parties shall notify the Court whether any party intends to take the deposition of Mr. Enriques, and, if so, shall file a transcript of that deposition with the Court on or before October 14, 2009.

SO ORDERED.

_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 28, 2009